IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS,
MARSHALL DIVISION

| | | |
|---|---|---|
| Schlumberger Technology Corporation, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. _____ |
| v. | § § | JURY TRIAL REQUESTED |
| Borets Weatherford U.S., Inc. and Weatherford International, Inc., | § § § | |
| Defendants | § | |

## COMPLAINT

Plaintiff, Schlumberger Technology Corporation ("Schlumberger"), complains of Defendants Borets Weatherford U.S., Inc. ("Borets") and Weatherford International, Inc. ("Weatherford") (collectively, "Defendants") as follows:

### PARTIES

1. Schlumberger is a Texas corporation having a principal place of business at 300 Schlumberger Drive, Sugar Land, TX 77478. Schlumberger supplies geo-science, engineering, drilling, and data management software products and computing services for the oil and gas exploration and production industry.

2. Borets is a Delaware corporation having its principle place of business located at 1600 North Garnett Road, Tulsa, OK 74116.

3. Weatherford is a Delaware corporation having its principle place of business located at 2000 Saint James Place, Houston, TX 77056.

## PATENT

4.   Schlumberger owns United States Patent No. 5,515,038 ("the '038 Patent") entitled "Data Transmission System," which issued on May 7, 1996 (Exhibit A). The '038 Patent was recently reexamined by the United States Patent & Trademark Office, and a Reexamination Certificate issued under 35 U.S.C. § 307 on December 13, 2011 (Exhibit B). Schlumberger has owned the '038 Patent during the entire period for which relief is sought under 35 U.S.C. §§ 271 and 286.

5.   Schlumberger has given notice to Weatherford and Borets that its methods and systems are patented under the '038 Patent in accordance with 35 U.S.C. § 287.

## STANDING

6.   Schlumberger has standing in this lawsuit as owner of the '038 Patent.

## JURISDICTION

7.   This Complaint includes claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of these claims made under 28 U.S.C. §§ 1331 and 1338(a).

8.   This Court may exercise personal jurisdiction over Borets based upon its contacts with this forum, including, at least, regularly and intentionally doing business here.

9.   This Court may exercise personal jurisdiction over Weatherford based upon its contacts with this forum, including, at least, regularly and intentionally doing business here.

## VENUE

10.   Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

11.   Borets may be sued in this district under 28 U.S.C. § 1391(c), as it is a corporation that is subject to personal jurisdiction in this district. In particular, upon information

and belief, Borets transacts business in this district including but not limited to transacting business from its facility located at 1232 West Marshall Avenue, Longview, TX 75604.

12. Weatherford may be sued in this district under 28 U.S.C. §§ 1391(c)-(d), as it is a corporation that is subject to personal jurisdiction in this district. In particular, Weatherford transacts business throughout Texas and in this district, including at least from its facilities located at 21 FRJ Drive, Longview, TX 75605 and 2000 Saint James Place, Houston, TX 77056.

## COUNT I - INFRINGEMENT OF THE '038 PATENT

13. Schlumberger re-alleges the allegations in paragraphs 1-12 as though fully set forth herein.

14. On information and belief, without a license or permission from Plaintiff Schlumberger, Defendant Borets infringed, induced others, *e.g.*, operators, to infringe, and/or committed acts of contributory infringement, literally or under the doctrine of equivalents, of one or more claims of the '038 Patent, including but not limited to claim 20, by importing, making, using, offering to sell, and/or selling products and/or systems that embody the patented invention, including, among other products and/or systems, the Borets iPump downhole submersible pump monitoring system ("the Borets iPump System").

15. Defendant Borets' infringement of the '038 Patent has caused substantial damage to Plaintiff Schlumberger and, as a consequence, Schlumberger is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

16. On information and belief, Defendant Borets' infringement of the '038 Patent was and is willful and deliberate, entitling Plaintiff Schlumberger to enhanced damages and attorneys' fees. In particular, Defendant Borets has been made aware of the '038 Patent at least

through a number of infringement letters and/or a proposed license agreement sent to Borets. Defendant Borets has, nonetheless, infringed claims of the '038 Patent with knowledge of the patent's scope and application to the activities carried out by Defendant Borets. As a consequence, Defendant Borets' infringement is and has been willful, deliberate and has injured and will continue to injure Plaintiff Schlumberger unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, promotion, use, importation, sale, and/or offer for sale of products and/or systems within the scope of the '038 Patent, including the Borets iPump System.

17. On information and belief, without a license or permission from Plaintiff Schlumberger, Defendant Weatherford infringed, induced others, *e.g.*, operators, to infringe, and/or committed acts of contributory infringement, literally or under the doctrine of equivalents, of one or more claims of the '038 Patent, including but not limited to claim 20, by importing, making, using, offering to sell, and/or selling products and/or systems that embody the patented invention, including, among other products and/or systems, the Weatherford Autonomous Well I-Pump System ("Weatherford I-Pump System").

18. Defendant Weatherford's infringement of the '038 Patent has caused substantial damage to Plaintiff Schlumberger and, as a consequence, Schlumberger is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

19. On information and belief, Defendant Weatherford's infringement of the '038 Patent was willful and deliberate, entitling Plaintiff Schlumberger to enhanced damages and attorneys' fees. In particular, Defendant Weatherford has been made aware of the '038 Patent at least through a number of infringement letters and/or a proposed license agreement sent to

Weatherford. Defendant Weatherford has, nonetheless, infringed claims of the '038 Patent with knowledge of the patent's scope and application to the activities carried out by Defendant Weatherford. As a consequence, Defendant Weatherford's infringement has been willful and deliberate and has injured and will continue to injure Plaintiff Schlumberger unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, promotion, use, importation, sale, and offer for sale of products and/or systems within the scope of the '038 Patent, including the Weatherford I-Pump System.

WHEREFORE, Plaintiff Schlumberger asks this Court to enter judgment against Defendants Borets Weatherford U.S., Inc. and Weatherford International, Inc., and against Defendants' subsidiaries, affiliates, agents, servants, employees, and all persons in active concert or participation with one or both of the Defendants, granting the following relief:

    A.    An award of damages adequate to compensate Plaintiff Schlumberger for the infringement that has occurred, and in no event less than a reasonable royalty, together with prejudgment interest from the first date of infringement of the '038 Patent;

    B.    Increased damages as permitted under 35 U.S.C. § 284;

    C.    A finding that this case is exceptional and an award to Plaintiff Schlumberger its attorneys' fees and costs as provided by 35 U.S.C. § 285;

    D.    A permanent injunction prohibiting further infringement of the '038 Patent; and

    E.    Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Plaintiff Schlumberger demands a trial by jury on all issues presented in this Complaint.

Respectfully submitted,

/s/ Bruce W. Slayden II
Bruce W. Slayden II
**LEAD COUNSEL**
Texas State Bar No. 18496695
bslayden@kslaw.com
Brian C. Banner
Texas State Bar No. 24059416
bbanner@kslaw.com
KING & SPALDING L.L.P.
401 Congress Avenue, Suite 3200
Austin, Texas 78701
Tel: 512.457.2000
Fax 512.457.2100

**ATTORNEYS FOR PLAINTIFF
SCHLUMBERGER TECHNOLOGY CORP.**